IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **JAMES M. CONDE and** | : | Bankruptcy No. 07-20207 BM |
| **SUSAN J. CONDE,** | : | |
| | : | |
| | : | |
| **Debtors** | : | **Chapter 7** |

| | | |
|---|---|---|
| **K & K COMPANY, INC.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Adversary No. 07-2240 BM |
| | : | |
| **JAMES M. CONDE and** | : | |
| **SUSAN J. CONDE,** | : | **Complaint Objecting To** |
| | : | **Dischargeability Of Indebtedness** |
| **Defendants** | : | **(11 U.S.C. § 523)** |

and

| | | |
|---|---|---|
| **KELLY BEAUDIN STAPLETON,** | : | |
| **UNITED STATES TRUSTEE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Adversary No. 07-2407 BM |
| | : | |
| **JAMES M. CONDE and** | : | |
| **SUSAN J. CONDE,** | : | |
| | : | **Complaint For Denial Of Discharge** |
| **Defendants** | : | **Pursuant To 11 U.S.C. § 727** |

Appearances:   John R. Keating, Esq. for Plaintiff K&K Company, Inc.
Norma Hildenbrand, Esq. for Plaintiff United States Trustee
James B. Gefsky, Esq. for Defendants/Debtors

## MEMORANDUM OPINION

Two adversary actions are at issue here.

The United States trustee has brought an adversary action seeking to have debtors James Conde and Susan Conde denied general discharges in accordance with § 727(a)(3) or § 727(a)(4)(D) of the Bankruptcy Code.  According to the United States trustee, debtors failed to keep and maintain books, records and the like from which their pre-petition financial condition might be ascertained.  Alternatively, the United States trustee asserts that debtors knowingly and fraudulently withheld from the chapter 7 trustee in their case documents, records and the like relating to their property and pre-petition financial affairs.

K&K Company, Inc. (K&K) has brought an adversary action to have a debt owed to it by debtors excepted from discharge in accordance with § 523(a)(2)(B) of the Bankruptcy Code.  K&K asserts that in connection with a loan K&K made to a corporation of which debtor James Conde was president and sole shareholder, it reasonably relied on a materially false financial statement concerning debtors' financial condition that was prepared with intent to deceive K&K.

Debtors maintain that the above causes of action lack merit and insist that they are entitled to have all of their pre-petition debts discharged, including the debt they owe to K&K.

Judgment will be entered accordance with § 727)(a)(3) in favor of the United States trustee and against debtors, who will be denied general discharges.  There will be no need in light of this determination to consider the United States trustee's § 727 (a)(4)(A) cause of action or K&K's § 523(a)(2)(B) cause of action.

## FACTS

Debtors James Conde and Susan Conde are husband and wife.

Debtor James Conde was president and sole shareholder of a start-up business known as Precision Powdercoating and Graphics, Inc. (PP&G).

PP&G borrowed $1,000,000 from Sky Bank in July of 2003. The stated purpose of the loan was to purchase machinery PP&G needed to operate its business.

PP&G also obtained a $400,000 line of credit from K&K around that time. The stated purpose of the line of credit was to provide PP&G with working capital until it began operating.

Debtors personally guaranteed payment of both obligations and granted Sky Bank and K&K mortgages on their personal residence.

Debtors prepared and submitted a personal financial statement to Small Business Administration in March of 2003 in connection with PP&G's loan application to Sky Bank. A copy of the financial statement was provided to K&K in connection with PP&G's application for a line of credit from K&K.

Debtors acknowledged when signing the financial statement that they were subject to possible prosecution under 18 U.S.C. § 1101(a) if any representations they made in the financial statement were knowingly and willfully false or fraudulent.

The financial statement debtors prepared stated that the value of their personal assets at that time totaled $2,185,000 and that their liabilities totaled $328,000. Included among the assets listed were: debtors' residence worth $550,000; household goods, furniture (including valuable antiques) and the like worth $75,000; an

unspecified number of vintage automobiles[1] worth $300,000; and parts for vintage automobiles worth $450,000.

For reasons that need not detain us, PP&G failed and permanently closed its doors before it ever began doing business.

When debtors eventually defaulted on their obligation to it, Sky Bank commenced a mortgage foreclosure action in state court and obtained a judgment in its favor in the year 2006. The amount of the judgment is not indicated in the record of this matter. Debtors' personal residence subsequently was sold at a sheriff's sale in September of 2006 to partially satisfy the judgment.

Debtors filed a voluntary chapter 7 petition on January 10, 2005. .A chapter 7 trustee thereafter was appointed.

The schedules accompanying debtors' chapter 7 petition listed assets with a declared value of $31,731.25 and liabilities totaling $1,522,693.00. The assets listed and their declared values were radically different in various respects than the value of the assets found in the March of 2003 financial statement. Debtors averred when they signed the schedules that they were "true and correct" and acknowledged that they might be prosecuted for perjury under 18 U.S.C. § 1001(a) if they were not.

Included among the assets debtors listed on the bankruptcy schedules were various household and similar items. Their total declared value was a mere $3,026 .00, which was $71,974.00 less than the declared value of such items in the March of 2003 financial statement.

---

[1.] Debtor James Conde was a vintage automobile enthusiast who restored such vehicles and sold them to third parties.

The discrepancies between the March of 2003 financial statement and debtors' bankruptcy schedules do not end there.

For instance, the bankruptcy schedules listed five vintage automobiles with a combined declared value of only $3,140, some $296,860 less than the combined declared values of vintage automobiles listed in the March of 2003 financial statement.

In addition, the bankruptcy schedules listed as estate assets an unspecified number of parts for vintage automobiles with a combined declared value of $3,200.00, some $446,800.00 less than the combined declared value of such parts listed in the March of 2003 financial statement.

Whereas the combined value of these three types of assets was $825,00.00 in the March of 2003 financial statement, their declared value in the bankruptcy schedules was only $9,366.00, or $815,634.00 less than was indicated in the financial statement.

The statement of financial affairs accompanying debtors' bankruptcy schedules indicated that debtors had in their possession antique furniture that they had sold to their daughter. It also indicated that they had in their possession a vintage automobile owned by their son.

The statement of financial affairs also indicated that debtor James Conde had sold ten vintage automobiles for a total of $15,910.00 during the period from March of 2005 until August of 2005. The prices at which the vehicles were sold were given for only six of the vehicles. How much the remaining vehicles were sold for was not indicated. In addition, the identities of four of the purchasers were listed as "unknown". No indication was given in the statement of financial affairs concerning what had

- 5 -

become of the remaining parts for vintage automobiles that were not accounted for in the schedules.

The chapter 7 trustee reported after conducting the § 341 meeting of creditors that no assets of debtors' bankruptcy estates were available for distribution to debtors' creditors.

K&K filed a timely complaint at Adversary No. 07-2240BM seeking a determination that the debt owed to it by debtors is excepted from discharge by § 523(a)(2)(B) of the Bankruptcy Code.

The United States trustee thereafter filed a timely complaint at Adversary No. 07-2407BM claiming that debtors should be denied general discharges in accordance with § 727(a)(3) or § 727(a)(4)(D) of the Bankruptcy Code.

Both adversary actions have been tried and now are ready for decision at this time.

## THE APPLICABLE LAW

One does not have a constitutional right to discharge in bankruptcy. *U.S. v. Kras*, 409 U.S. 434, 445-46, 93 S.Ct. 631, 637, 34 L.Ed.2d 626 (1973). Receipt of a discharge in bankruptcy is a privilege and is governed by statute, in this instance the Bankruptcy Code.

A central purpose of the Bankruptcy Code is to provide a procedure whereby certain insolvent debtors can "reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt". *Grogan v. Garner*, 498 U.S. 279,

286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Company v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)).

A debtor must provide an accurate picture of his or her pre-petition financial affairs to receive a discharge. *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1309 (2d Cir. 1996). This principle is codified in § 727(a)(3) of the Bankruptcy Code, which provides as follows:

> (a) The court shall grant the debtor a discharge, unless - ....
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified.

11 U.S.C. § 727(a)(3).

The purpose of § 727(a)(3) is to provide creditors and the United States trustee with adequate information concerning the debtor's financial affairs prior to entering bankruptcy. Should the debtor fail to do so, debtor must provide a justification for the failure. *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d Cir 1992).

The Bankruptcy Code does not define what constitutes justification for purposes of § 727(a)(3). Such a determination must be made on a case-by-case basis and depends on "all of the circumstances of the case". *Id.*, 958 F.2d at 1231.

The baseline for justification in these contexts depends on what a normal, reasonable person would do in similar situations with respect to maintaining records and the like. *Id.*, 958 F.2d at 1231. The relevant inquiry should take into consideration

the education and experience of the debtor as well as any other circumstances which in the interest of justice should be taken into account. *Id.*, 958 F.2d at 1231.

The extent to which a debtor should be held accountable for not keeping accurate records and the like is a matter of degree and varies with a debtor's sophistication. Sophisticated debtors are held to a greater degree of accountability than are unsophisticated debtors. *Id.*, 958 F.2d at 1231.

Debtor James Conde is a sophisticated individual. He attended college and was only three credits shy of graduating when he dropped out. He also was a certified machine tool sales engineer and was involved in designing automated manufacturing processes.

Debtor Susan Conde's testimony at trial left little doubt that she also is a sophisticated individual who understands what is going on around her. Her self-portrayal as a veritable Edith Bunker was not convincing.

The records and the like a debtor must keep for purposes of § 727(a)(3) need not impeccable. They need only adequately identify a debtor's pre-petition financial dealings so as to make possible intelligent inquiry concerning the transactions. *Id.*, 958 F.2d at 1231.

The burden of proof in a § 727(a)(3) matter is a shifting one. The initial burden lies with the party objecting to the debtor's discharge, who must prove facts that fit within one of the exceptions to discharge set forth at § 727(a). *Id.*, 958 F.2d at 1232.

To prevail under § 727(a)(3), the party objecting to the debtor's discharge must prove that: (1) the debtor failed to maintain adequate documents, records and the like

concerning his or her financial affairs; and (2) the failure to do so makes it impossible to reconstruct the debtor's pre-petition financial affairs *Id.*, 958 F.2d at 1232 (citing *Matter of Decker*, 595 F.2d 185, 187 (3d Cir 1979)). Proof of fraudulent intent on the debtor's part is not required. *Razzaboni v. Schifano (In re Schifano)*, 378 F.3d 60, 70 (1st Cir. 2004). These requirements must be proved by a preponderance of the evidence. *In re Diloreto*, 2008WL227665, * 4 (3d Cir 2008).

If the party objecting to the discharge demonstrates that the above requirements are present, the burden of proof then shifts to the debtor to justify the failure to keep such records and the like. Vague and indefinite explanations of losses that are not corroborated by documents and the like will not suffice. *Meridian Bank*, 958 F.2d at 1233.

Completely denying a debtor a discharge is an extreme remedy and should not be undertaken lightly. The exceptions to discharge found at § 727(a) should be construed liberally in favor of the debtor. *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir 1993).

## DISCUSSION

The United States trustee has satisfied her burden of proof in this matter. She has demonstrated that debtors did not keep adequate documents, records and the like from which debtors' financial condition prior to their precipitous slide into bankruptcy can be reconstructed.

It was noted previously that debtors prepared and submitted a personal financial statement to Small Business Administration in March of 2003 in connection with PP&G's

- 9 -

application to borrow $1,000,000 to purchase machinery needed to operate its business. K&K also received and considered the financial statement in connection with PP&G's application for a $400,000 line of credit.

Included among the assets listed on the financial statement were household goods, furniture and the like worth $75,000. The furniture was comprised to a considerable extent of various antiques. An unspecified number of vintage automobiles worth $300,000 and parts for vintage automobiles worth $450,000 also were listed as assets. The total value of these assets alone was $825,000.

Debtors submitted another personal financial statement to Small Business Administration in August of 2005, some thirty months after preparing the above financial statement, in connection with an assignment to a third party of the loan Sky Bank had made to PP&G in July of 2003. Attached to the financial statement was an affidavit signed by debtors. They averred in the affidavit that the financial statement was complete and correct and acknowledged that they were subject to possible criminal prosecution under Pennsylvania law if the financial statement contained materially false statements.

The values of the just-noted assets were drastically less in the August of 2005 financial statement than they were in the March of 2003 financial statement.

Debtors' household, furniture and the like were worth only $2,445, some $72,550 less than they were worth in March of 2003. Vintage automobile parts were worth only $2,660, some $297,340 less than they were worth in March of 2003. No reference was made to parts for vintage automobiles, which were worth $450,000 in

March of 2003. We take this to mean that the value of such parts was $0.00 at that time. The combined value of the listed assets was $5,105, which is $819,895 less than their combined value in March of 2003.

Debtors filed a joint voluntary chapter 7 bankruptcy petition on January 10, 2007, approximately sixteen months after they had prepared and submitted the August of 2005 financial statement. They attested under penalty of perjury that the accompanying schedules and statement of financial affairs were true and correct. The declared values of the above assets were not materially different than their values as of August of 2005. As was the case with the values of the above assets in the August of 2005 financial statement, however, the values were drastically less than they were in March of 2003.

Debtors' did not produce prior to (or during trial) any contemporaneously-prepared books, records or the like which would account for the drastic reduction in the value of the above-noted assets. It is as though the assets listed on the March of 2003 financial statement simply fell into a black hole and forever vanished. From this it follows that debtors produced nothing from which one might be able to reconstruct their pre-petition financial condition and business transactions.

The United States trustee, in other words, has met her burden of proof by demonstrating that the two above requirements for § 727(a)(3) are satisfied in this matter. Having done so, the burden of proof then shifts to debtors. They must justify their failure to keep such records. Failure to do so will result in debtors being denied discharges.

It should be noted that our analysis of the United States trustee's § 727(a)(3) cause of action presupposes that the asserted values of the above assets as set forth in the March of 2003 financial statement and the bankruptcy schedules and statement of financial accurately reflect what they were worth at those respective times.

We so assume because debtors attested in the March of 2003 financial statement as well as in their bankruptcy schedules and statement of financial affairs that they were true and correct and acknowledged that debtors were subject to possible criminal prosecution if they were not. This court is not prepared on the basis of the evidence presented at trial to conclude that debtors knowingly and willfully falsified the March of 2003 financial statement and/or their bankruptcy schedules and statement of financial affairs. Such a determination should be left to another court with authority to hear and decide criminal matters, if it decides to do so.

The outcome here would be the same even if this presupposition is incorrect. If, for instance, debtors' bankruptcy schedules and statement of financial affairs are not "true and correct", they would be denied discharges in accordance with § 727(a)(4) of the Bankruptcy Code.[2] The evidence presented at trial would support a determination that debtors knowingly and fraudulently made false statements in their schedules and statement of financial affairs concerning the extent and value of the above assets as of the petition date.

---

[2] Subsection 727(a)(4) provides as follows:
    (a) The court shall grant the debtor a discharge, unless —
        (4) the debtor knowingly and fraudulently, in connection with the case —
            (A) made a false oath or account .....
11 U.S.C. § 727(a)(4).

Not only did debtors fail to keep such books, records and the like from which one might reconstruct their pre-petition financial condition and transactions, they also failed to produce anything at trial that might explain or justify their failure to do so. Debtors miscalculated and instead focused their efforts on defending against the claim of K&K that the specific debt they owe K&K should be excepted from discharge by §523(a)(2)(B).

We therefore conclude in light of the foregoing that § 727(a)(3) applies and debtors consequently should be denied general discharges. It is not necessary in light of this determination to address the United States trustee's § 727(a)(4)(D) cause of action or K&K's § 523(a)(2)(B) cause of action.

An appropriate order will issue.

_____
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

Dated: April 15, 2008

**FILED**

APR 15 2008

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| JAMES M. CONDE and<br>SUSAN J. CONDE, | : <br> : <br> : <br> : | Bankruptcy No. 07-20207 BM |
| Debtors | : | Chapter |

---

| | | |
|---|---|---|
| K & K COMPANY, INC., | : <br> : | |
| Plaintiff | : <br> : | |
| v. | : <br> : | Adversary No. 07-2240 BM |
| JAMES M. CONDE and<br>SUSAN J. CONDE, | : <br> : <br> : | Complaint Objecting To<br>Dischargeability Of Indebtedness |
| Defendants | : | (11 U.S.C. § 523) |

and

| | | |
|---|---|---|
| KELLY BEAUDIN STAPLETON,<br>UNITED STATES TRUSTEE, | : <br> : <br> : | |
| Plainfiff | : <br> : | |
| v. | : <br> : | Adversary No. 07-2407 BM |
| JAMES M. CONDE and<br>SUSAN J. CONDE, | : <br> : <br> : | Complaint For Denial Of Discharge |
| Defendants | : | Pursuant To 11 U.S.C. § 727 |

<u>ORDER OF COURT</u>

**AND NOW**, this **15th** day of **April**, 2008, in accordance with the foregoing memorandum opinion, it hereby is **ORDERED**, **ADJUDGED** and **DECREED** that:

(1) debtors James and Susan Conde be and hereby are **DENIED DISCHARGES**; and

(2) the § 523(a)(2)(B) cause of action asserted by K&K Company, Inc. is **MOOT**.

It is **SO ORDERED**.

_____ 4-15-08
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

cm: James M. Conde
Susan J. Conde
John R. Kearing, Esquire
Norma Hildenbrand, Esquire
James B. Gefsky, Esquire
James R. Walsh, Esquire

FILED

APR 15 2008

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA